UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | Hon. Joseph H. Rodriguez |
| | : | |
| | : | Civil Action No. 09-4710 |
| v. | : | Criminal No. 05-721 |
| | : | |
| JAMES A. RUSSELL, | : | |
| | : | |

## OPINION

This matter is presently before the Court on an application by Petitioner James Russell, who requests that the Court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government now moves to dismiss Mr. Russell's petition. The Court has considered the submissions of the parties and for the following reasons will deny Petitioner's application without an evidentiary hearing.

## I. FACTS

While an inmate at a Pennsylvania state correctional facility, James Russell sent a threatening communication to the Eastern District of Pennsylvania District Court judge who presided over an earlier federal prosecution of Russell.[1] The case charging Russell with sending the threatening letter to the judge, a violation of 18 U.S.C. § 876(c),

---

[1] The federal case in the Eastern District of Pennsylvania was presided over by Judge Harvey Bartle, III. United States v. James A. Russell, Criminal Action Number 00-567-01 (E.D.Pa. 2000). In that case, Russell was charged with sending threatening letter to his state prison cell-mate, a federal witness who was providing information against Russell's mother. At the time of the charge, Russell was serving a state sentence. For this offense, Judge Bartle imposed a sentence of 53 months, to run consecutive to the state sentence that Russell was serving. See Pre-Sentence Investigation Report ("PSI"), ¶ 10.

was assigned to this Court. Russell entered an open plea of guilty on July 20, 2006. On April 17, 2007, Russell was sentenced to a term of imprisonment of 41 months.

Russell timely appealed the sentence to the Third Circuit Court of Appeals alleging that the Court failed to consider his pro-se motion for a downward departure predicated upon the conditions of his confinement. In addition, Russell complained that the judgment of sentence did not specify whether the sentence was to run consecutively or concurrently to his undischarged federal sentence. The Government agreed that the case should be remanded and the appeal was dismissed on December 20, 2007.

On August 28, 2008, Russell filed a motion under 28 U.S.C. § 2255 alleging that his counsel was ineffective for various reasons. Given this allegation, new counsel was assigned on November 18, 2008. Soon thereafter the Court denied Russell's § 2255 motion without prejudice, vacated the April 19, 2007 judgment of sentence, and set a new sentencing date for April 7, 2009.

In the meantime, the parties briefed Russell's downward departure motion. Then, on April 7, 2009, Russell was sentenced to a term of imprisonment of 33 months, to run consecutively to the undischarged state and federal sentences that Russell was already serving. At the conclusion of the sentencing hearing, Russell stated "[a]nd for the record, I'm satisfied with the sentence. Thank you. And I would not be filing an appeal on that. Thank you very much." Transcript of Proceedings ("Tr.") on April 7, 2009, p. 38.

However, on October 13, 2009, Russell filed the instant application for habeas relief pursuant to 28 U.S.C. § 2255. He raises six grounds for consideration, although

2

his motion groups some of the claims.[2] For the sake of clarity the Court will set out each

argument for consideration. First, he claims trial court error because the sentence

imposed "should have been ordered to run concurrently per the United States

Sentencing Guidelines." Petitioner's ("Pet.") Motion, p. 6, Ground A. Second, for the

same reason, Russell also claims that his counsel was ineffective. Id. Third, Russell

claims prosecution misconduct because the Government manipulated the Court into

believing that the Guidelines required a consecutive, as opposed to a concurrent or

partially concurrent sentence, for his offense. Id., Ground B. Fourth, for the same

reason, Russell also claims that his counsel was ineffective. Id. Fifth, Russell claims trial

court error because he did not receive credit toward his sentence for the 15-16 months

that he has spent in federal custody. Id., Ground C. Sixth, he claims that his counsel

was ineffective for the same reason. Id.

 The Government challenges the Petitioner's motion on both procedural and

substantive grounds. The Court will first address the procedural arguments and then, if

---

 [2] In his response to the Government's opposition brief, Russell claims that he filed an amended § 2255 Petition that included two additional grounds for relief. See Petitioner's Reply Br. at p. 9. In his Reply Brief, Russell claims that the Government breached the plea agreement because it agreed to a concurrent sentence in exchange for Russell's plea of guilty. Id. at pp. 14-16. Russell's second ground for relief is not apparent. He attempts to make a separate "due process argument," but this argument goes to the construction of a plea agreement and does not allege a separate ground for relief. Id. at p. 15, ¶ F. At most, the due process argument provides further support for his breach of plea agreement claim.

 In any event, the Court is constrained from considering Russell's breach of plea agreement argument because it was not raised in the first instance and his "Amended Petition" does not appear to have been filed. There is no record of such a filing on the Court's Docket, and the Court is not in receipt of a hard copy of such a document from the Petitioner. Russell does not attach such a filing to his Reply Brief. Moreover, Russell openly plead guilty, without a plea agreement. See Docket Numbers 14 and 17, Criminal No. 05-721. Thus, even construing his filings liberally, Royce v. Hahn, 151 F.3d 116, 118 (3d Cir.1998), there is nothing for the Court to consider in this regard. As a result, the Court will not address this allegation.

3

necessary, consider the substance of Petitioner's claims.

## II. DISCUSSION

A petition filed pursuant to 28 U.S.C. § 2255 constitutes a collateral attack on the validity of a sentence. See United States v. Eakman, 378 F.3d 294, 297 (3d Cir. 2004). That statute provides in pertinent part:

> A petitioner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

See 28 U.S.C. § 2255. A petitioner is entitled to habeas corpus relief under Section 2255 if the error amounts to "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Cleary, 46 F.3d 307, 310-11 (3d Cir. 1995) (quoting United States v. DeLuca, 889 F.2d 503, 506 (3d Cir. 1989), cert. denied, 506 U.S. 895, 113 S. Ct. 270, 121 L.Ed.2d. 199 (1992)). The burden is on the petitioner to establish his claim in the petition. See Gov't of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1081 (3d Cir. 1985).

A fundamental defect of this sort may result from ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). However, section 2255 is not the remedy for all errors at sentencing, as the grounds for collateral attack of a sentence are limited. United States v. Biberfeld, 957 F.2d 98, 102 (3d Cir.1992); see also United States v. Addonizio, 442 U.S. at 178, 184 (1979). Significantly, "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). It is

4

well settled that the failure to challenge certain errors on direct appeal constitutes a procedural default that forestalls collateral attack of those errors under section 2255. United States v. Essig, 10 F.3d 968, 979 (3d Cir.1993); see also Addonizio, 442 U.S. at 184-85; Government of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1074 (3d Cir. 1988) ("A section 2255 petition is not a substitute for an appeal").

Where, as here, there was no direct appeal taken of the issues raised in the instant application, consideration of Petitioner's claims of court error and prosecutorial misconduct under section 2255 is permissible only if Petitioner can demonstrate both "cause" for the failure to file a direct appeal and that he will suffer "actual prejudice" if review of his claims is denied. Frady, 456 U.S. at 167; United States v. Biberfield, 957 F.2d 98, 104 (3d Cir. 1982).

### A. Court Error and Prosecutor Misconduct

Under the well established Frady frame work, the Court must determine whether Russell has established cause for the procedural defect, and if so, that he suffered prejudice as a result of the alleged errors. Frady, 456 U.S. at 167. Even if Russell could establish cause for his failure to pursue his claims of court error and prosecutorial misconduct on direct appeal, the Court finds that he suffered no actual prejudice because these claims are without merit.[3] The Court finds that an evidentiary hearing is

---

[3]Russell alleges that his failure to directly appeal is the fault of his counsel, who refused to raise the issues on appeal. "[A] successful claim of ineffective assistance of counsel . . . satisfies the 'cause' prong of a procedural default inquiry." United States v. Garth, 188 F.3d 99, 107 (3d Cir. 1999) (citation omitted). Because the Court finds that Russell cannot satisfy the "prejudice" prong of the default inquiry, it will not consider whether Russell has demonstrated requisite cause. See Frady 456 U.S. at 168 (basing its holding only on the prejudice analysis, without consideration of whether petitioner had demonstrated cause).

not warranted because "the claim for relief is without merit." Government of the Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985) (citations omitted).

To establish prejudice, Russell must show "not merely that the errors ... created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [sentencing] with error of constitutional dimensions." Frady, 456 U.S. at 170; see Biberfeld, 957 F.2d at 105. Russell claims that the United States Sentencing Guidelines require that his sentence run concurrent to his undischarged federal sentence imposed by Judge Bartle because both federal sentences are based upon related conduct. In addition, Russell claims that the Government "manipulated" the Court into believing that it did not have the authority to impose a concurrent sentence.

Under 18 U.S.C. § 3584, a district court may sentence a defendant "who is already subject to an undischarged term of imprisonment" to a term of imprisonment to run either concurrently or consecutively. 18 U.S.C. § 3584(a). In Russell's case, U.S.S.G. § 5G1.3 applies, which provides:

> (a) If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.
>
> (b) If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>   (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

6

(2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

In addition to the Sentencing Guidelines, the district court must consider the factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3584(b).

Inasmuch as Russell was being sentenced for sending a threatening communication to a federal judge who had presided over a separate prosecution of him, imposing a concurrent sentence would have been the equivalent of imposing no sentence at all. The Court advised Mr. Russell that if the sentence "were to be made concurrent with the record that you have, that means there will be no punishment at all." Tr. April 7, 2009 at p. 21. A consecutive sentence was permitted by the Guidelines and furthered the policy of imposing an appropriate punishment. U.S.S.G § 5G1.3(c).

Russell's contention that his federal sentences are related, triggering U.S.S.G. §5G1.3(b), is unpersuasive. The only common threads in Russell's undischarged federal sentence and the current federal sentence are the presence of Judge Bartle and the fact that Russell sent a threatening letter to both of the victims in those cases. In the first instance, Judge Bartle was the sentencing judge and in the present case he is the victim. The threatening letters served unrelated purposes. None of these commonalities qualify as relevant conduct under U.S.S.G. § 1B1.3 and no relevant conduct was identified in the pre-sentence report.

Moreover, "Section 5G1.3(b) appears to be aimed at the situation in which, unless

7

the sentences were concurrent, the defendant would be serving two sentences for essentially the identical offense." United States v. Swan, 275 F.3d 272, 277 (3d Cir. 2001). That is not the case for Russell, who threatened the judge that sentenced him for threatening someone else. For these reasons, U.S.S.G. 5G1.3(b) in inapplicable to Russell's case and the Court appropriately considered and imposed a consecutive sentence. As a result, Russell cannot establish prejudice because there was no court error in imposing a consecutive sentence.

Russell's claim of court error with respect to sentencing credit also fails. Russell's request that he be credited for approximately 16 months that he spent in federal custody for this offense is the province of the Attorney General, through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 335 (1992). The Court has no authority to order credit for this time in imposing sentence. See id. Once Russell begins serving time for his federal sentence and it appears that such a credit has not been considered, he may move for relief at that time pursuant to 28 U.S.C. § 2241, which provides habeas relief for the execution of a sentence. Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citing U.S. v. Mares, 868 F.2d 151, 151 (5th Cir. 1989) (claim for credit for time served must proceed under Section 2241)).[4]

Likewise, Russell's claim of prosecutor misconduct does not find any support in the record. The Government advocated for the imposition of a consecutive sentence, but it never argued that a consecutive sentence was required. The only place where the Government asserted that a consecutive sentence resulted was in its sentencing

---

[4] This Court takes no position as to whether Russell is entitled to any credit for time served and leaves that determination solely to the Bureau of Prisons.

8

memorandum regarding Russell's re-sentence. Specifically, the Government stated that because the Court was silent as to whether the sentence imposed on April 19, 2007 was to run consecutive or concurrent to his undischarged federal sentence, the sentence must be consecutive. On this point, the Government is correct, as 18 U.S.C. §3584(a) requires such a finding. However, the Government's sentencing memorandum cannot be read as "manipulating the court" into thinking that a consecutive sentence on re-sentence was required. It appropriately advocated for the imposition of a consecutive sentence.

To the extent that Russell's argument has any merit, no actual prejudice results. As demonstrated by the Court's colloquy with Russell, the decision to impose a consecutive sentence was influenced by Russell's criminal history and the need for additional punishment, and not by the Government's arguments:

> THE COURT: Mr. Russell, with respect to consecutive or concurrent. Your counsel has made a strong argument for it to be considered. But you recognize that if it were to be made concurrent with the record you have, that means there will be no punishment at all.
> DEFENDANT: I respect and understand that, Your Honor.
> THE COURT: Just so you understand the situation the court is put in when someone has a criminal history that you do, and that consideration. And like I say, the total arguments have been made by your counsel.
> DEFENDANT: Yep.
> THE COURT: And I thought about it. But what we did in the original sentence was to be consecutive
>
> .    .    .
>
> DEFENDANT: Now considering those factors that I know its going to be consecutive, you know, and is consecutive, I'm really asking for some leniency. Like I said, I don't want to go scott free. I deserve a break at least.

Tr. April 7, 2009 Sentencing at 21-22; 30-31.

At all times the Court was aware of its discretion to impose a concurrent or

9

consecutive sentence. The Court considered the arguments of defense counsel, in support of a concurrent sentence, and noted that they were "strong." Tr. April 7, 2009. However, the Court determined that a consecutive sentence was necessary to achieve punishment for Russell's actions. Even if Russell could demonstrate cause for his failure to pursue these claims on direct appeal, he cannot establish actual prejudice and his claims must fail.

### B. Ineffective Assistance of Counsel

Russell's claims of ineffective assistance of counsel are properly considered in a section 2255 application. Ineffective assistance of counsel is established by satisfying a two-prong test. Strickland, 466 U.S. 668. According to Strickland, a convicted defendant must first show that the performance of counsel was somehow deficient. 466 U.S. at 687. Deficiency is present when counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. If deficiency is shown, a convicted defendant must then show that the deficiency actually "prejudiced the defense." Id. "Unless a defendant makes *both showings*, it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." Id. (emphasis added). Notably, "[j]udicial scrutiny of counsel's performance must be highly deferential ." Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, supra, at 690.

Petitioner grounds his ineffective assistance of counsel claim on the fact that the

10

sentence was imposed consecutively and that counsel failed to request a departure under U.S.S.G. § 5G1.3, and that counsel failed to argue for credit for time served. Both arguments fail to establish ineffectiveness.

As a preliminary matter, consideration of these claims does not require an evidentiary hearing. See Government of the Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Even assuming *arguendo* that counsel was deficient, Petitioner cannot show that the alleged failures of counsel actually "prejudiced the defense." Strickland, 466 U.S. at 687. Because Petitioner cannot demonstrate prejudice, there is no need to determine whether Petitioner's allegations are truthful. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 (3d Cir. 1991) (where the court determines that a petitioner may be entitled to relief, an evidentiary hearing is conducted to ascertain the truth of the matter). Therefore, the Court will consider Petitioner's claim on the papers.

Russell cannot demonstrate that his counsel was ineffective for failing to argue for a concurrent sentence or for failing to request a downward departure pursuant to U.S.S.G. § 5G1.3. In counsel's written submissions and during the sentencing hearing on April 7, 2009, counsel argued for the imposition of a concurrent sentence and for the Court to show leniency towards Defendant. See Sentencing Memorandum pp. 1-2 and Ex. A., pp. 6-7, 8 (all requesting that the sentence run concurrent to the 53 month sentence imposed by Judge Bartle); Tr. April 7, 2009 at pp. 8, 9, 18, 19 (recognizing the Court's decision to impose a consecutive sentence but asking for leniency).

Although it does not appear from the record that counsel asked for a downward departure pursuant to U.S.S.G. § 5G1.3, this failure is not tantamount to ineffectiveness. To the contrary, such a request would produce a consecutive sentence. See United

11

States v. Swan, 275 F.3d 272, 280 (3d Cir. 2002). Given that Russell was currently serving a term of imprisonment, Section 5G1.3 calls for "the sentence for the instant offense . . . to run consecutively to the undischarged term of imprisonment." As a result, a departure request under this section of the Guidelines would provide no relief for Russell; it instead produces an opposite result.

Rather, counsel asked for leniency given the fact that, at the outset of the proceeding, the Court signaled its intent to impose a consecutive sentence. Tr. April 7, 2009 at p. 3. In addition, counsel argued for a downward departure predicated upon the alleged poor conditions of Russell's confinement at FDC Philadelphia. Id. at pp. 9-10. With those parameters in place, counsel made successful arguments on Russell's behalf in favor of a sentence at the lower end of the applicable Guideline range; Russell's sentence was ultimately reduced from the initial 41 month sentence to a 33 month sentence. Id.

Russell's allegation that counsel failed to object to the Government's request for a consecutive sentence does not evidence ineffectiveness. As indicated above, the Government's arguments in favor of a consecutive sentence were proper and were challenged during the sentencing hearing and in the Sentencing Memoranda prepared by Russell's current counsel and his previous counsel.[5]

---

[5] In addition to the arguments in favor of a concurrent sentence made on the record by Russell's current counsel, the sentencing memorandum submitted requested that the Court impose a "concurrent or partially concurrent sentence- which the defendant believes is warranted under [18 U.S.C.] Section 3353(a)." Def.'s 2009 Sentencing Mem., Ex. B., p.2. In the alternative, counsel requested a variance to achieve a lighter sentence. Id. at p. 1. Likewise, Russell's previous counsel submitted a sentencing memorandum in March 2007 that requested Russell's sentence run concurrent with his undischarged 53 month federal sentence. Def. 2007 Sentencing Mem, pp. 6-8. "Adding additional layers of time to Russell's period of incarceration

12

Counsel was also not ineffective for brining a claim for an award of credit. As discussed _infra_, the Court had no authority at the time of sentencing to award Russell credit towards his federal sentence. See _Coady_, 251 F.3d at 485-86 (noting that a claim for credit must proceed under Section 2241, not 2255)). As a result, Russell cannot demonstrate ineffectiveness or that he was prejudiced by any deficiency.

### III. CONCLUSION

For the foregoing reasons, Petitioner's application for habeas relief is denied. Even if Russell could establish cause for his failure to directly appeal, his claims of court error and prosecutor misconduct find no support in the record. As a result, Russell cannot demonstrate the requisite prejudice and habeas review of these claims is denied. In addition, Russell cannot establish that his counsel was deficient. Even if Russell could demonstrate ineffectiveness of counsel, there is no probability that the sentence imposed would have been different if not for counsel's alleged deficiency. Therefore, Petitioner cannot demonstrate prejudice and his claim for habeas relief must be denied.

Finally, because Petitioner failed to make "a substantial showing of the denial of a constitutionally protected right," pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

An appropriate Order shall issue.

Dated:

_November 15, 2010_

Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE

will not serve to deter criminal conduct . . . Counsel submits that his sentence should be for 33 months of confinement to run concurrent to his impending federal sentence." Id.

13